UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVE STRINE,

                            Plaintiff,

        v.

MARION CENTRAL SCHOOL DISTRICT,
et al.,

                            Defendants.
_____

DECISION & ORDER

03-CV-6031L

        Plaintiff Steve R. Strine has commenced this action against the defendants Marion Central Schools and Sodus Central Schools alleging unspecified claims of discrimination. (Docket # 19). Currently before this Court is plaintiff's motions for leave to amend his complaint (Docket # 31) and for the appointment of counsel. (Docket # 30). For the following reasons, plaintiff's motions are denied.

        **Motion to Amend Complaint:** Under Federal Rule 15(a), once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, plaintiff has failed to provide the Court with a proposed Amended Complaint specifying the additional claim he seeks to raise; nor has plaintiff provided any detail regarding the factual basis for the amended claim. Rather, plaintiff's motion consists of a single-page handwritten letter stating "I would like to add the following as defendants in my suit: (1) the town of Marion, New York; (2) Monica Deys – Super. retired; [and] Sharron Mousso – Water Dept. Town of Marion." Accordingly, because plaintiff has not demonstrated that the underlying facts or circumstances relied upon in seeking leave to amend are a proper subject of relief, this Court cannot evaluate the appropriateness of such amendment under Federal Rule 15.

Plaintiff's motion to amend **(Docket # 31)** is therefore **DENIED without prejudice** at this time. Should plaintiff wish to pursue his proposed amendment, he may re-file the motion, which must be accompanied by a memorandum of law and a proposed amended complaint.

**<u>Motion for Appointment of Counsel</u>:** It is well-settled that there is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

>   2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
>   3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
>   4. Whether the legal issues involved are complex; and
>
>   5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff's amended complaint fails to clearly state the nature of his claim. From the information provided, plaintiff appears to allege that the defendant school districts discriminated against him by failing to employ him. Plaintiff also alleges a loss of income due to "slander, defamation of character, [and] erroneous infractions by defendants." (Docket # 19). Through the

current motion, plaintiff requests the assignment of counsel because he is unable to afford a private attorney.  (Docket # 30).

In the instant matter, plaintiff has failed to adequately demonstrate a need for appointed counsel at this time.  Specifically, plaintiff has not indicated whether he has made any efforts to obtain counsel on his own behalf, nor has he demonstrated an inability to gather the facts and litigate this matter without counsel's assistance.  In addition, the Court notes that there is a very limited number of local attorneys willing and able to handle civil cases on a *pro bono* basis.  *See Jenkins*, 721 F.2d at 880.  Based on this review, plaintiff's motion for the appointment of counsel **(Docket # 30)** is **DENIED without prejudice** at this time.  It is the plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*.  28 U.S.C. § 1654.

Further, in order to assist plaintiff in pursuing his case *pro se*, the Clerk of the Court is directed to send plaintiff a copy of the Court's booklet entitled Pro Se Litigation Guidelines.[1]

**IT IS SO ORDERED.**

                                                                               *s/Marian W. Payson*
                                                                               MARIAN W. PAYSON
                                                              United States Magistrate Judge

Dated: Rochester, New York
       October  21  , 2005.

---

[1] Plaintiff should review the entire booklet, and then he should focus his attention on pages 14-19 of the Guidelines regarding discovery, since his lawsuit is in the discovery stage at this time.