UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVE STRINE,

                Plaintiff,

                                        DECISION AND ORDER

                                        03-CV-6031L

        V.

SODUS CENTRAL SCHOOL DISTRICT,

                Defendant.
_____

Plaintiff, Steve Strine, appearing *pro se*, commenced this discrimination action against Sodus Central Schools ("Sodus"). Sodus has moved for summary judgment. Plaintiff has not responded to the motion. For the reasons that follow, the motion is granted.

**DISCUSSION**

**I. Plaintiff's Failure to Respond to the Summary Judgment Motion**

Rule 56(e) of the Federal Rules of Civil Procedure provides that

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse

party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Applying this rule, the Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* litigant, either the movant or the district court must provide the *pro se* litigant with notice of the consequences of failing to respond to the motion. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001).

If such notice has been given, "[t]he fact that there has been no response to a summary judgment motion does not ... mean that the motion is to be granted automatically. Such a motion may properly be granted only if the facts as to which there is no genuine dispute 'show that the moving party is entitled to a judgment as a matter of law.'" *Champion v. Artuz*, 76 F.3d 483, 485 (2d Cir. 1996) (quoting Fed. R. Civ. P. 56(c)).

In the case at bar, both defendant's notice of motion (Dkt. # 33) and this Court's scheduling order (which gave plaintiff until October 27, 2005 to respond to defendant's motion) (Dkt. # 36) put plaintiff on notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion for summary judgment. Specifically, the notice of motion states, in part, that "[a]ny factual assertions in our affidavits will be accepted by the Court as being true unless you submit affidavits or other documentary evidence contradicting our assertions. If you do not respond ... as described above, summary judgment, if appropriate, may be entered against you. If summary judgment is entered against you, your case ... will be dismissed."

Likewise, the scheduling order states, in part, that: "Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff

must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial"; "Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant"; and "If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true."

Clearly, then, plaintiff was given more than adequate notice of his obligation to respond to defendant's motion, and of the consequences of not doing so. *See Champion*, 76 F.3d at 486. Accordingly, the Court will accept the truth of defendant's factual allegations, and determine whether Sodus is entitled to summary judgment.

**II. Defendant's Motion for Summary Judgment**

As explained in the Court's October 15, 2003 Decision and Order (Dkt. #20) granting summary judgment in favor of a second defendant, Marion Central Schools ("Marion"), the complaint, though lacking in detail, alleges that on in August 2002, plaintiff applied for a position as a substitute teacher at Sodus, and that Sodus denied the application without explanation. The complaint alleges that Sodus refused to hire plaintiff on account of his age.

In support of Sodus's motion for summary judgment, Sodus's attorney has submitted an affidavit referencing plaintiff's deposition in this case, which was taken on August 15, 2005. The

transcript of that deposition reveals that plaintiff no longer believes, nor does he allege, that his age had anything to do with Sodus's decision not to hire him:

> Q. Do you believe that the Sodus Central School District stopped calling you as a sub because of your age?
>
> A. No.
>
> Q. You don't believe that?
>
> A. No.

Dkt. #33 Ex. F at 68.

Plaintiff went on to testify that he believed that the real reason why he was not hired involved false accusations that he had been found in possession of sexually explicit materials during his employment at Marion. *Id.* Those allegations are consistent with statements plaintiff made in a motion to reconsider the grant of summary judgment in favor of Marion, in which plaintiff stated that "the court has it wrong as to the reason why [plaintiff is] suing Marion Central School District and Sodus School District. This suit is because of false accusations, slander and defamation of caracter [sic] not because of age discrimination." Dkt. #21 at 1.

As I stated in my Decision and Order denying that motion, based on these statements and plaintiff's deposition testimony "it does not even appear that there is any basis for federal jurisdiction over plaintiff's claims ... . Plaintiff's claims appear to arise solely under New York State, not federal, law." Dkt. #23 at 2. Accordingly, Sodus's motion is granted, and the complaint is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

The motion for summary judgment filed by defendant Sodus Central Schools (Dkt. #33) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 13, 2005